IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTOINE SMITH,            )
        Plaintiff,     )
                          )
vs.                       ) Civil Action No. 13-44
                          ) Judge Terrence F. McVerry/
                          ) Magistrate Judge Maureen P. Kelly
                          )
OFFICER REDDINGER, IN HIS )
OFFICIAL CAPACITY,        )
        Defendant.    )

**REPORT AND RECOMENDATION**

I. **RECOMMENDATION**

It is respectfully recommended that the Amended Complaint filed in the above-captioned case, ECF No. 35, be dismissed for failure to prosecute.

II. **REPORT**

Plaintiff, Antoine Smith, has presented an amended civil rights complaint against Defendant Officer Reddinger, alleging that Defendant violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution in the course of his incarceration at the State Corrections Institution at Pine Grove, when Defendant Reddinger allegedly used excessive force against Plaintiff, slamming him into a counter top wall and causing injury to Plaintiff's neck.

On June 24, 2013, this Court issued an Order directing Plaintiff to file his response to Defendant's Motion for Summary Judgment no later than August 5, 2013. Subsequently, on August 27, 2013, this Court issued an Order to Show Cause, returnable on September 10, 2013,

1

to show cause why this action should not be dismissed for Plaintiff's failure to file his opposition to Defendant's Motion for Summary Judgment as directed. To date, Plaintiff has failed to respond or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1) The extent of the party's personal responsibility.
>
> (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3) A history of dilatoriness.
>
> (4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case could proceed, which weighs heavily against him. Plaintiff's failure to respond to the Court's orders was not only solely his personal responsibility but his failure to do so nearly seven weeks later (with regard to his opposition to summary judgment) appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders – Defendants have incurred the expense of filing a motion for summary judgment and conducting an investigation into the grounds cited therein,

and so have suffered some prejudice in addition to general delay.  The sixth factor -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate.  Moreover, Plaintiff's failure to comply with the Court's orders, which has prevented this case from proceeding, indicates that Plaintiff has no serious interest in pursuing this case.  It therefore appears that dismissal is the most appropriate action for the Court to take.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).  Accordingly, it is respectfully recommended that the Complaint filed in the above-captioned case be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report  and Recommendation.  Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will constitute a waiver of any appellate rights.  Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983).  See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).   Any party opposing

objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                              Respectfully submitted,

                              <u>/s/Maureen P. Kelly</u>
                              United States Magistrate Judge

Dated: September 19, 2013

cc:     Antoine Smith
        GL-2292
        SCI Chester
        500 E 4th Street
        Chester, PA 19013

        All Counsel of Record Via CM-ECF